UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25CR00368 SPM |
| | ) | |
| DARIANE LOWERY, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Dariane Lowery represented by defense counsel Julie Clark, Esq., and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to the criminal information, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's theft of government funds on April 30, 2021, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

3. **ELEMENTS:**

As to the criminal information, the defendant admits to knowingly violating Title 18, United States Code, Section 641, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

> *First,* that the defendant voluntarily, intentionally and knowingly stole and converted government funds to hers;

> *Second,* that the funds belonged to the United States; and

> *Third,* that the defendant did so with intent to deprive the owner of the use or benefit of the thing of value so taken.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On March 13, 2020, President Trump declared a national emergency pursuant to Section 401 of the Stafford Act due to the Covid-19 pandemic. Shortly thereafter, the Coronavirus Aid,

2

Relief, and Economic Security (CARES) Act was enacted in March 2020 to provide emergency financial assistance to the millions of Americans suffering the economic impact caused by the COVID-19 pandemic. The CARES Act authorized the payment of federal benefits as a result of a declaration under section 501 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. § 5191). One source of relief provided for in the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses through the Paycheck Protection Program ("PPP").

While a resident of the Eastern District of Missouri, Defendant agrees and admits that on April 24, 2021, she submitted a PPP loan application to Harvest Small Business Finance LLC, a servicer of United States Small Business Administration ("SBA") PPP loans. In applying for the PPP the loan, she falsely claimed that she operated a sole proprietorship in 2019 that generated gross income of $99,089. Defendant further agrees and admits that her representations to Harvest Small Business Finance were false and fraudulent as she did not operate a sole proprietorship in 2019 that earned $99,089. Based upon her fraudulent representations, on April 30, 2021, Harvest Small Business Finance disbursed $20,643 using PPP loan number 2198888904.

Defendant further agrees and admits that on August 11, 2021, she submitted a PPP Loan Forgiveness Application to Harvest Small Business Finance stating that she spent $20,643 of the illegally obtained loan proceeds on payroll costs. Defendant agrees and admits that the application was false and fraudulent in that she utilized the loan proceeds on personal expenses rather than payroll costs for the operation of a business.

Believing her representations to be true, and utilizing SBA Loan Number 2198888904, the SBA remitted $20,643 in principal and $61.080 in interest to Harvest Small Business Finance,

3

LLC. The total loss caused to the SBA as a result of Defendant's fraudulent use of SBA Loan Number 2198888904 was $20,704.08.

**5. STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 1 year, a fine of not more than $100,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 1 year.

**6. U.S. SENTENCING GUIDELINES (2024 MANUAL):**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

**a. Chapter 2 Offense Conduct:**

**(1) Base Offense Level:** The parties agree that the base offense level is 6 as found in Section 2B1.1.

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: 4 levels should be added pursuant to Section 2B1.1(b)(1)(C) because the actual loss exceeded $15,000 as found in Section 2B1.1(b)(1)(C) and 2 levels should be added pursuant to Section 2B1.1(b)(12) because the offense involved conduct described in 18 U.S.C. § 1040.

**b. Chapter 3 and 4 Adjustments:**

**(1) Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to U.S.S.G. § 3E1.1(a) because Defendant has clearly demonstrated

4

acceptance of responsibility. If this deduction is applied, and if Defendant is otherwise eligible, then the Government moves to deduct one additional level pursuant to U.S.S.G. § 3E1.1(b), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2) <u>Adjustment for Certain Zero-Point Offenders</u>:** If the Court determines that the defendant does not receive any criminal history points from Chapter 4, Part A, then the parties agree that two levels should be deducted under Section 4C1.1(a), because the defendant meets all of the criteria under Section 4C1.1(a)(2) through (a)(10).

**c. <u>Estimated Total Offense Level</u>:** The parties estimate that the Total Offense Level is 10 [unless a two-level reduction under Section 4C1.1(a) applies based on the Court's determination of the defendant's criminal history].

**d. <u>Criminal History</u>:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**c.** **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.** **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a.** **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1)** **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**(2)** **Sentencing Issues:** In the event the Court accepts the plea, and after determining the Total Offense Level, sentences the defendant within or below that corresponding range, then, as a part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and, after determining the Total Offense Level, sentences the defendant within or above that corresponding range.

**b.** **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c. **Right to Records:**  The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

a. **Disclosures Required by the United States Probation Office:**  The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**  Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.    These conditions will be restrictions on the defendant to which the defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The defendant understands that parole has been abolished

d. **Mandatory Special Assessment:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total

7

of $100 which the defendant agrees to pay at the time of sentencing.  Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

    **e.**  **Possibility of Detention:**  The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

    **f.**  **Fines, Restitution and Costs of Incarceration and Supervision:**  The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.  The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.  Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c).  Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss.  The defendant agrees to provide full restitution to all victims of all charges in the information

**9.  ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

    In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance

of witnesses.  The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.  The defendant's counsel has explained these rights and the consequences of the waiver of these rights.  The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel.  The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel.  Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case.  In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.  The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

9

## 11.  CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.  The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12.  NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the

government agrees to dismiss or not to bring.

_7/25/2025_
Date

_7/25/25_
Date

_7/25/25_
Date

TRACY L. BERRY 014753 TN
Assistant United States Attorney
111 South 10th Street, Room 18.364
St. Louis, Missouri 63102
(314) 439-2200

DARIANE LOWERY
Defendant

JULIE CLARK
Attorney for Defendant

11